

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GUILBEAU, PRO SE, | § | |
| TDCJ-CID # 628074, | § | |
| Previous TDCJ-CID # 469634, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0144 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, | § | |
| TEXAS TECH MEDICAL BRANCH, | § | |
| LUBBOCK, | § | |
| CHILDRESS REGIONAL MEDICAL | § | |
| CENTER, | § | |
| EDDIE WILLIAMS, BARRY L. MARTIN, | § | |
| CAROL ROTHWELL, MONTE FIELDS, | § | |
| JESSIE REYNOLDS, KENNETH WILKS, | § | |
| DONNIE GARDNER, KEVIN RICKS, | § | |
| KAREN JACKSON, ROY FISHER, | § | |
| CHERYL GARY, MICHAEL BRANIGAN, | § | |
| DORIS GARDNER, DENISE HASSEL, and | § | |
| NFN WESTMORELAND, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff CHRISTOPHER GUILBEAU, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges that, on May 18, 2006, he suffered second and third degree burns while operating a laundry press machine in which the circuit board had been switched out and safety switches had been bypassed. Plaintiff says these alterations were made by an uncertified

offender who made them at the order of defendant ROTHWELL, the Laundry Manager. Plaintiff alleges the Head Warden, defendant WILLIAMS, knew ROTHWELL used uncertified offenders to work on the equipment and that defendant REYNOLDS, the Maintenance Supervisor, knew that changing the circuit boards out and bypassing the safety switches would cause an injury but did nothing to prevent it from being done.

Plaintiff alleges defendant MARTIN knew his officers called plaintiff names based on his sexual orientation but did nothing to stop it and that defendant FIELDS "failed to do his job before and after [plaintiff's] injury" and participated in a cover-up of the incident.

Plaintiff alleges defendant WILKS ordered CO III JACKSON and CO IV RICKS to search plaintiff's cell and look for grievances about the laundry and that defendants JACKSON and RICKS did so, confiscating plaintiff's grievances and a book on how to file a lawsuit.

Plaintiff alleges defendant Dr. FISHER, D.O., did not give him proper medical treatment and didn't see plaintiff for his second and third degree burns until thirteen days after the incident. Plaintiff complains he wasn't given any pain medication and had to change his dressing on his own. Nevertheless, plaintiff says that, during those thirteen days, defendant FISHER ordered "cultures and antibodies" because Nurse Hazelwood cleaned plaintiff's hand and alerted FISHER that plaintiff's hand "was looking really bad" and was a serious burn.

Plaintiff alleges defendant GARDNER, L.V.N., refused him medical treatment on May 29, 2006. Further, plaintiff alleges GARDNER later threatened him saying he would not get away with the grievance he had written on her for refusing him medical treatment and called him vulgar names in the presence of defendant Nurse Practitioner GARY, who failed to report it

to her supervisor and did nothing about GARDNER's remarks.

Plaintiff further alleges defendant Sgt. DONNIE GARDNER threatened him because of the grievance plaintiff wrote on Nurse GARDNER, saying, "You have a problem with my wife then you have one with me too."

Plaintiff alleges defendant BRANIGAN allows his medial staff to treat inmates "like trash" and refused to address problems with the medical staff.

Plaintiff alleges defendant HASSEL, a medical clerk, refused to give him copies of his medical records because of the grievance he has filed against the infirmary.

Lastly, plaintiff alleges defendant WESTMORELAND refused to let him go to the law library so he could work on his case and called him vulgar names.

Plaintiff requests compensatory and punitive damages in unspecified amounts.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Initially, the Court notes that the eligibility of the defendant, the TEXAS DEPARTMENT OF CRIMINAL JUSTICE for Eleventh Amendment immunity is settled law in this circuit. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see, Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). Therefore, the Texas Department of Criminal Justice is not a "person" within the meaning of section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). Further, plaintiff's claim against defendant TEXAS TECH MEDICAL BRANCH, LUBBOCK is plainly a claim against the Texas Tech University Health Sciences Center[3], an agency of the State of Texas, and plaintiff's claims against this entity is, in effect, raised against the State of Texas. Consequently, plaintiff's claims against both the TEXAS DEPARTMENT OF CRIMINAL JUSTICE and the TEXAS TECH MEDICAL BRANCH, LUBBOCK are barred by the doctrine of sovereign immunity and, thus, lack an arguable basis in law and are frivolous. *Neitzke v.*

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[3]*United States v. Texas Tech University*, 171 F.3d 279, 289 n.14 (5th Cir. 1999)("The Eleventh Amendment cloaks Texas Tech University and Texas Tech University Health Sciences Center with sovereign immunity as state institutions.").

*Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claim against defendant CHILDRESS REGIONAL MEDICAL CENTER, plaintiff does not allege a single fact to support any claim against this entity and has, therefore, failed to state a claim.

Plaintiff's claim against defendant MARTIN is simply that he knew his officers called plaintiff vulgar names based on his sexual orientation but did nothing to stop it and that defendant WESTMORELAND called him vulgar names. Plaintiff claims defendant Nurse GARDNER also called him names and defendant Sgt. DONNIE GARDNER threatened him for the grievance plaintiff wrote on Nurse GARDNER, saying, "You have a problem with my wife then you have one with me too." It is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Further, mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, the remarks plaintiff attributes to these defendants will not, by themselves, support a claim of violation of plaintiff's constitutional rights.

Plaintiff alleges defendant WILKS, the Building Lieutenant, ordered defendants JACKSON and RICH to search plaintiff's cell for grievances and that they did so, confiscating the grievances and a book on filing lawsuits. Although plaintiff complains that his legal property was read during the search, plaintiff does not allege this or the confiscation of property hampered him in the filing of this or any other litigation and does not point to any specific harm he has

suffered as a litigant in any lawsuit. Consequently, plaintiff's claims arising from the allegations appears to sound in due process; however, he makes plain that he is alleging a random, unauthorized act by the three officers, not a legitimate search for contraband. Section 1983 will not support a cause of action if a person's property is taken by random and unauthorized conduct of a state actor and the state provides an adequate post-deprivation remedy. *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995). A prisoner's due process rights are not violated by the confiscation of property without regard to prison policy requiring notice and the opportunity to be heard, where the tort of conversion provides adequate post-deprivation remedies under Texas law. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) Therefore, plaintiff's claims against defendants WILKS, RICKS, and JACKSON lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

      Plaintiff's claim that defendants Dr. FISHER, D.O., and Nurse CHERYL GARY, Nurse Practitioner, did not provide him proper medical treatment and that defendant FISHER did not actually see him for thirteen days states, at most, a claim of negligence, but is not sufficient to support a claim of deliberate indifference. Further, plaintiff's allegations show he received medical treatment during those thirteen days, but that it was not the medical treatment he wanted, *i.e.*, pain medication. The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997). Further,

"negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff's claims against defendant FISHER and GARY lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also claims defendant GARY, Nurse Practitioner, failed to report defendant GARDNER to her supervisory when she heard GARDNER call plaintiff vulgar names and tell him he would not get away with the grievance he had written on her for refusing him medical treatment. Further, plaintiff alleges defendant BRANIGAN lets his staff treat inmates badly and doesn't properly investigate and resolve complaints. These allegations state, at most, a claim of negligent supervision; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990). To the extent plaintiff bases his claims on the supervisory positions of these defendants, the acts of subordinates trigger no individual section 1983 liability for supervisory officers, *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999); and plaintiff has not alleged personal involvement by these defendants in any act causing the deprivation of a plaintiff's constitutional rights, or a causal connection between their acts and any constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff's claims against defendants GARY and BRANIGAN lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's final claim is that defendant DENISE HASSEL, a medical clerk, will not give

him copies of his medical record because of his grievances against the medical department. Plaintiff does not allege this refusal has led to a violation of his right to medical care, his right of access to courts, or to any other constitutional right. With respect to defendant HASSEL, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff CHRISTOPHER GUILBEAU against defendants TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEXAS TECH MEDICAL BRANCH, LUBBOCK; CHILDRESS REGIONAL MEDICAL CENTER; BARRY L. MARTIN; KENNETH WILKS; DONNIE GARDNER; KEVIN RICKS; KAREN JACKSON; ROY FISHER; CHERYL GARY; MICHAEL BRANIGAN; DENISE HASSEL, and NFN WESTMORELAND be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

An Order to Answer has issued of even date herewith for defendants EDDIE WILLIAMS, CAROL ROTHWELL, MONTE FIELDS, JESSIE REYNOLDS, and DORIS GARDNER.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED this 23rd day of January, 2008.

                                                      _____
                                                      CLINTON E. AVERITTE
                                                      UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

      Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).